UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ROBERT BOSCH, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>WESTPORT FUEL SYSTEMS CANADA, INC.,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Bosch, LLC ("Bosch") hereby brings this action for declaratory judgment of non-infringement against Defendant Westport Fuel Systems Canada, Inc. ("Westport Fuel"), and alleges as follows:

## THE PARTIES

1. Bosch is a Delaware limited liability corporation with its principal place of business at 38000 Hills Tech Drive, Farmington Hills, MI 48331.

2. On information and belief, Westport Fuel is a British Columbia Corporation with its principal place of business at 1750 West 75th Avenue, Suite 101, Vancouver, British Columbia, Canada V6P 6G2.

## NATURE OF THE CASE

3. Upon information and belief, Westport Fuel contends it is the owner of U.S. Patent Nos. 6,298,829 (the "'829 Patent") and 6,575,138 (the "'138 Patent") (collectively, the "Patents-In-Suit"). Both patents have expired. True and correct copies of the '829 Patent and the '138 Patent are attached as Exhibit A and Exhibit B, respectively.

4. Upon information and belief, Westport Fuel contends it owns all substantial rights related to the Patents-In-Suit, including the exclusive right to enforce, sue, and recover damages for past infringement.

5. Westport Fuel has alleged that Bosch products, including at least the Bosch CRI 3.0 Piezo Injector having Bosch part number 0445117010, infringe the Patents-In-Suit (the "Accused Bosch Products").

6. Westport Fuel's infringement allegations have harmed and continue to harm Bosch.

7. Bosch seeks a declaratory judgment that neither Bosch nor its products infringed any claim of either of the Patents-In-Suit.

8. This relief is necessary because while the Patents-In-Suit have expired Westport Fuel has filed suits alleging that a number of Bosch's customers have infringed the Patents-In-Suit by making and selling products that incorporate Accused Bosch Products.

9. For example, on December 15, 2021, Westport Fuels filed five lawsuits in the U.S. District Court for the Eastern District of Texas alleging that Bosch's customers infringed the Patents-In-Suit because they provided cars that incorporated the Accused Bosch Products. These cases are captioned *Westport Fuel Systems Canada, Inc. v. Ford Motor Company*, Case No. 2:21-cv-453; *Westport Fuel Systems Canada, Inc. v. Mercedes-Benz USA, LLC*, Case No. 2:21-cv-454; *Westport Fuel Systems Canada, Inc. v. Nissan North America, Inc*, Case No. 2:21-cv-455; *Westport Fuel Systems Canada, Inc. v. General Motors, LLC*, Case No. 2:21-cv-456; and *Westport Fuel Systems Canada, Inc. v. FCA USA LLC D/B/A FCA Group US LLC*, Case No. 2:21-cv-457 (collectively, the "Texas Lawsuits"). True and correct copies of the Complaints from the Texas Lawsuits are attached as Exhibits C, D, E, F, and G, respectively.

10. In the Texas Lawsuits, Westport Fuel alleged that the Patents-In-Suit "are directed to high pressure fuel injection valves that include a passive hydraulic link that provides a load path between an actuator and valve that does not rely on a change in hydraulic pressure to generate an actuation force." *See, e.g.*, Exhibit C at ¶ 37.

11. In each complaint in each Texas Lawsuit, Westport Fuel identified as the "Accused Instrumentalities" a Bosch fuel injection valve. *See, e.g.*, Exhibit C at ¶ 44 and Exhibits 3 and 4 thereto.

12. Westport Fuel attached to each complaint in each of the Texas Lawsuits identical claim charts that Westport Fuel alleged "detail[] the correspondence of every element of claim 1 of the [Patents-In-Suit] with features of the Accused Instrumentalities…." *See, e.g.*, Exhibit C at ¶¶ 45 and 52 and Exhibits 3 and 4 thereto.

13. Each of the claim charts Westport Attached to the complaints in the Texas Lawsuits purport to show how an Accused Bosch Product infringed claims of the Patents-In-Suit. *See, e.g.*, Exhibit C at Exhibits 3 and 4 thereto.

14. On March 2, 2022, Westport Fuel served a Disclosure of Asserted Claims and Infringement Contentions in the *Westport Fuel Systems Canada, Inc. v. Nissan North America, Inc*, Case No. 2:21-cv-455 and *Westport Fuel Systems Canada, Inc. v. General Motors, LLC*, Case No. 2:21-cv-456 actions ("Infringement Contentions"). *See* Exhibits H and I.

15. In its Infringement Contentions, Westport Fuel alleged that "versions of the Bosch CRI 3.0 Piezo Injector having Bosch part number 0445117010" infringed claims 1-3, 6, 11, 12, 14, 15 and 18-20 of the '829 Patent and claims 1-3, 6, 13, 14, 17-21, and 26-28 of the '138 Patent. *See, e.g.,* Exhibit H at 2 and Exhibits A and B thereto.

16. In its complaints and Infringement Contentions, the only fuel injection valves identified by Westport Fuel as infringing any claim of either of the Patents-In-Suit are Accused Bosch Products. Thus Bosch—not the entities named as defendants in the Texas Lawsuits—is the real party-in-interest.

17. Neither Bosch, nor the Accused Bosch Products, infringed the now expired Patents-In-Suit. Bosch contends that it has and has previously had the right to make, use, sell, and/or offer to sell in the United States and import into the United States the Accused Bosch Products without need of a license to the Patents-In-Suit.

18. As a result of Westport Fuel's assertions of its patent rights against Bosch and the Accused Bosch Products and Bosch's belief in its right to engage in its business activities related to the Accused Bosch Products without a license to the Patents-In-Suit, an actual controversy exists between Bosch and Westport Fuel as to whether Bosch, and the Accused Bosch Products infringed the Patents-In-Suit. Therefore, a substantial, continuing, and justiciable controversy exists between Bosch and Westport Fuel.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because this action seeks declaratory relief.

20. This Court has personal jurisdiction over Westport Fuel under 35 U.S.C. § 293, which provides that in cases involving a patentee that does not reside in the United States, the United States District Court for the Eastern District of Virginia "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were

personally within the jurisdiction of the court," assuming that "no person" has been designated within "the Patent and Trademark Office… on whom may be served process or notice of proceedings affecting the patent or rights thereunder." On information and belief, Westport Fuel does not reside in the United States and has not filed a written designation of an agent in the United States on whom may be served process or notice of proceedings affecting the Patents-In-Suit or the rights thereunder.

21. Venue is proper in this district under at least 28 U.S.C. §§ 1400(b) and 1391(b)(3) because "there is no district in which [this] action may otherwise be brought" and Westport Fuels is subject to this Court's personal jurisdiction under 35 U.S.C. § 293.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '829 PATENT)

22. Bosch incorporates paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23. Westport Fuel claims to own the right, title and interest in the '829 Patent. *See* Exhibit C at ¶ 7.

24. As described previously, Westport Fuel alleges that the Accused Bosch Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Bosch Products infringed the now expired '829 Patent.

25. For example, in each of the Texas complaints Westport Fuel identified claim 1 of the '829 Patent, reproduced below, as representative:

> 1. An injection valve for injecting fuel into a combustion chamber of an internal combustion engine, said injection valve comprising:
>
>    (a) a valve housing comprising:
>
>       a fuel inlet port;

an interior chamber fluidly connected to said fuel inlet port;

a nozzle comprising a nozzle orifice providing a fluid passage from said interior chamber to said combustion chamber;

(b) a valve needle disposed within said valve housing wherein said valve needle is movable between a closed position at which a sealing end of said valve needle contacts a valve seat to fluidly seal said interior chamber from said nozzle orifice, and an open position at which said sealing end of said valve needle is spaced apart from said valve seat whereby said interior chamber is fluidly connected with said nozzle orifice, wherein valve needle lift equals the distance traveled by said sealing end away from said valve seat;

(c) a needle spring associated with said valve needle, wherein said needle spring applies a closing force to said valve needle for biasing said valve needle in said closed position;

(d) a n actuator assembly associated with said valve needle, wherein said actuator assembly may be activated to apply an opening force to said valve needle stronger than said closing force, for moving said valve needle to said open position; and

(e) a hydraulic link assembly comprising a passive hydraulic link having a hydraulic fluid thickness through which said opening and closing forces are transmitted, whereby said hydraulic fluid acts substantially as a solid with said thickness being substantially constant while said actuator assembly is activated and wherein said thickness of said hydraulic link is adjustable while said actuator is not activated in response to changes in the dimensional relationship between components of said injection valve to maintain a desired valve needle lift upon activation of said actuator assembly.

26.     The Accused Bosch Products did not infringe claim 1 of the '829 Patent, or the claims that depend from it, because the Accused Bosch Products do not have all of the claimed elements, either literally or under the doctrine of equivalents.  Representative claim elements missing from the Accused Bosch Products include, but are not limited to, the following:

- The Accused Bosch Products do not include "a hydraulic link assembly comprising a passive hydraulic link having a hydraulic fluid thickness through which said opening and closing forces are transmitted."  In the Accused Bosch Products, opening and closing forces are not transmitted through what Westport Fuel has alleged to be the "hydraulic fluid thickness."

4146-3731-1286.6

27. The Accused Bosch Products did not infringe, literally or under the doctrine of equivalents, any claim of the '829 Patent. By using, selling, offering to sell, and/or importing the Accused Bosch Products into the United States, Bosch did not infringe, literally or under the doctrine of equivalents, any claim of the '829 Patent.

28. There is an actual, substantial, continuing, and justiciable controversy between Bosch and Westport Fuel regarding whether the Accused Bosch Products or Bosch infringed, literally or under the doctrine of equivalents, any claim of the '829 Patent.

29. Bosch is entitled to a declaratory judgment that neither Bosch nor the Accused Bosch Products infringed, literally or under the doctrine of equivalents, any claim of the '829 Patent.

## COUNT II

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '138 PATENT)

30. Bosch incorporates paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31. Westport Fuel claims to own the right, title and interest in the '138 Patent. *See, e.g.,* Exhibit C at ¶ 7.

32. As described previously, Westport Fuel alleges that the Accused Bosch Products and the manufacture, sale, offer for sale, use and/or importation into the United States of the Accused Bosch Products infringed the now expired '138 Patent.

33. For example, in each of the Texas complaints Westport Fuel identified claim 1 of the '138 Patent, reproduced below, as representative:

1. An injection valve for injecting fuel into a combustion chamber of an internal combustion engine, said injection valve comprising:

   (a) a valve housing comprising:

> a fuel inlet port;
>
> an interior chamber fluidly connected to said fuel inlet port; and
>
> a valve seat for cooperating with a valve member to seal said interior chamber from said combustion chamber when said injection valve is closed;

(b) said valve member having one end disposed within said valve housing and an opposite end extendable from said valve seat toward said combustion chamber, wherein said valve member comprises a sealing surface that fluidly seals against said valve seat when said injection valve is closed and that is liftable away from said valve seat when said injection valve is open;

(c) a biasing mechanism associated with said valve member, said biasing mechanism applying a closing force to said valve member when said valve member is in said closed position;

(d) an actuator assembly associated with said valve member, wherein said actuator assembly may be actuated to apply an opening force to said valve member stronger than said closing force, for moving said valve member to said open position; and

(e) a hydraulic link assembly comprising a passive hydraulic link having a hydraulic fluid thickness through which said opening and closing forces are transmitted, whereby said hydraulic fluid acts substantially as a solid with said thickness being substantially constant while said actuator assembly is actuated and wherein said thickness of said hydraulic link is adjustable while said actuator assembly is not actuated in response to changes in the dimensional relationship between components of said injection valve to maintain a desired valve lift upon actuation of said actuator assembly.

34. The Accused Bosch Products did not infringe claim 1 of the '138 Patent, or the claims that depend from it, because the Accused Bosch Products do not have all of the claimed elements, either literally or under the doctrine of equivalents. Representative claim elements missing from the Accused Bosch Products include, but are not limited to, the following:

- The Accused Bosch Products do not include "a hydraulic link assembly comprising a passive hydraulic link having a hydraulic fluid thickness through which said opening and closing forces are transmitted." In the Accused Bosch Products, opening and closing forces are not transmitted through what Westport Fuel has alleged to be the "hydraulic fluid thickness."

35. The Accused Bosch Products did not infringe, literally or under the doctrine of equivalents, any claim of the '138 Patent. By using, selling, offering to sell, and/or importing the Accused Bosch Products into the United States, Bosch did not infringe, literally or under the doctrine of equivalents, any claim of the '138 Patent.

36. There is an actual, substantial, continuing, and justiciable controversy between Bosch and Westport Fuel regarding whether the Accused Bosch Products or Bosch infringed, literally or under the doctrine of equivalents, any claim of the '138 Patent.

37. Bosch is entitled to a declaratory judgment that neither Bosch nor the Accused Bosch Products infringed or infringe, literally or under the doctrine of equivalents, any claim of the '138 Patent.

## RESERVATION OF RIGHTS

38. Bosch hereby reserves its rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Bosch respectfully prays for entry of judgment in its favor and against Westport Fuel as follows:

A. For judgment that neither Bosch nor the Accused Bosch Products infringed, literally or under the doctrine of equivalents, any claim of the '829 Patent or the '138 Patent;

B. For costs and reasonable attorneys' fees incurred in connection with this and related actions to be paid by Westport Fuel;

C. For a finding that this case is exceptional under 35 U.S.C. § 285;

D. An award of any and all equitable relief to which Bosch may be entitled; and

E. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bosch hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Dated: April 4, 2022 | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| | |
| | */s/ Sten Jensen* |
| | Sten Jensen |
| | |
| | Sten Jensen, Bar No. 38197 |
| | sjensen@orrick.com |
| | Columbia Center |
| | 1152 15th St NW |
| | Washington, DC 20005 |
| | Telephone: +1 202 339 8400 |
| | Facsimile: +1 202 339 8500 |
| | |
| | Bas de Blank (*Pro Hac Vice forthcoming*) |
| | basdeblank@orrick.com |
| | Harrison Geron (*Pro Hac Vice forthcoming*) |
| | hgeron@orrick.com |
| | 1000 Marsh Road |
| | Menlo Park, CA |
| | 94025-1015 |
| | Telephone: +1 650 614 7400 |
| | Facsimile: +1 650 614 7401 |
| | |
| | Michael C. Chow (*Pro Hac Vice forthcoming*) |
| | mchow@orrick.com |
| | Erin M. B. Leach (*Pro Hac Vice forthcoming*) |
| | eleach@orrick.com |
| | 2050 Main Street, Suite 1100 |
| | Irvine, CA 92614-8255 |
| | Telephone: +1 949 567 6700 |
| | Facsimile: +1 949 567 6710 |
| | |
| | *Attorneys for Defendant Robert Bosch, LLC* |

4146-3731-1286.6