# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROBERT BOSCH LLC, § § §<br>*Plaintiff*, § §<br>v. § §<br>WESTPORT FUEL SYSTEMS CANADA, §<br>INC., § §<br>*Defendant*. § § | CASE NO. 2:23-CV-00038-JRG-RSP |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Robert Bosch LLC's Motion to Compel Defendant Westport Fuel Systems Canada, Inc. to Substantively Respond to Interrogatory No. 20 Regarding Invalidity of the '138 Patent for Obviousness-Type Double Patenting (**Dkt. No. 151**), for which the Court held a hearing on November 5, 2025.

Bosch argues that it timely disclosed an obviousness-type double patenting ("ODP") invalidity theory against Westport's asserted U.S. Patent No. 6,575,138, but that Westport has failed to answer Bosch's Interrogatory No. 20, which asks Westport that "[i]f You contend that the '138 Patent is not invalid for obviousness-type double patenting, identify and describe in detail all factual and legal bases for Your contention." *Id.* at 1. Bosch seeks that the Court compel Westport to answer this interrogatory. *See generally id.*

Westport, in turn, argues that Bosch's ODP theory was not timely disclosed. Dkt. No. 154 at 1. In support of this, Westport points to Bosch's Answer to Westport's counterclaims in which the only asserted bases for invalidity were "under one or more sections of Title 35 of the U.S. Code," but argues that ODP is a judicially created doctrine. *Id.* at 2 (quoting Dkt. No. 61 at ¶ 60). Therefore, asserts Westport, Bosch never properly pleaded ODP in the first place. *See id.* at 1.

The Court finds that Bosch's ODP invalidity argument is untimely. Bosch's answer states that "[e]ach of the claims of the Patents-in-Suit is invalid and/or unenforceable for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, Pre-AIA 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256." Dkt. No. 61 at ¶ 60. As a preliminary matter, it is questionable whether this perfunctory, single-sentence assertion is sufficient to preserve all of the statutory invalidity bases listed. Normally this shortcoming is cured by the Invalidity Contentions required by our Patent Local Rules. However, as Bosch points out, double patenting is not a prior art defense and is not covered by the local rules requiring invalidity contentions. More importantly, however, is that nowhere in the above does Bosch ever state, or even hint, that any non-statutory invalidity bases are asserted. And contrary to Bosch's arguments at the hearing, ODP is a "judicially-created doctrine." *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 967 (Fed. Cir. 2001). Bosch cites to two cases—*Abbvie* and *Allergan*—for the proposition that ODP is a part of 35 U.S.C. § 101, but neither stand for this. Rather these cases simply stand for two propositions, neither of which is helpful to Bosch.

The first is that literal double patenting is impermissible because, if an inventor were able to secure more than one patent on the same invention, then this would allow them to obtain "an unjustified timewise extension of patent exclusivity beyond the life of a patent." *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358, 1367 (Fed. Cir. 2024); *see also Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Tr.*, 764 F.3d 1366, 1372 (Fed. Cir. 2014). This is an unremarkable acknowledgement of what is proscribed under 35 U.S.C. § 101, but as discussed above, what is at issue is here is *obviousness*-type double patenting, not *literal* double patenting.

The second is that ODP, which is designed to also prevent patent term extension through claims in a second patent that are not patentably distinct from those in a first patent (i.e., claims in a second patent that are obvious over the first patent), is an extension of the literal double patenting prohibition under 35 U.S.C. § 101. *Allergan*, 111 F.4th 1358, 1366. Critically, however, is that both *Abbvie* and *Allergan* recognize ODP as a "judicially-created doctrine." *Id.*; *see also Abbvie*, 764 F.3d 1366, 1372. In other words, ODP is federal common law which is merely in accordance with the §101 statute.

The Court also finds unpersuasive Bosch's argument that it did not have a basis to raise ODP until claim construction. *See* Transcript of November 5, 2025 Hearing at 27. Westport's infringement contentions put them on adequate notice, such that Bosch knew or should have known to raise ODP at that time two years ago.

As a result, Bosch never raised ODP until its supplemental response to Westport's damages-related interrogatory, which was well after the amended pleadings deadline. *See* Dkt. No. 154 at 1. The first time that Bosch sought leave to amend its pleadings is in the instant Motion. Dkt. No. 151 at 2. With fact discovery closed, expert reports due in the coming days, and the case so far along (*See generally* Dkt. No. 143), the Court finds that Bosch unreasonably delayed in raising ODP and, therefore, leave to amend will not be granted.

For these reasons, the Motion to Compel is **DENIED** as moot. Westport need not respond to an interrogatory concerned with an invalidity theory that is not a part of this case.

**SIGNED this 6th day of November, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE