███████████████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT BOSCH, LLC, | ) | |
| | ) | |
| *Plaintiff / Counter-defendant,* | ) | Civil No. 2:23-cv-00038-JRG-RSP |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| WESTPORT FUEL SYSTEMS CANADA INC., | ) | ████████████████████ |
| | ) | |
| *Defendant / Counterclaim-plaintiff.* | ) | |

### WESTPORT FUEL SYSTEMS CANADA INC.'S
### MOTION TO STRIKE CERTAIN OPINIONS OF DR. RICHARD W. KLOPP

█████████████████████████

## TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL BACKGROUND....................................................................................2

     A.     Bosch Failed to Disclose Invalidity Theories Regarding the '829 Patent's "Fluid Passage" Limitation .................................................................. 2

     B.     Bosch Failed to Pursue Indefiniteness Contentions in its *Markman* Briefing ........ 3

     C.     Bosch Failed to Timely Disclose Technical Models and Files.............................. 3

     D.     Bosch Committed to Standing By its Alleged Non-Infringing Alternatives ("NIAs") Discovery Response.................................................... 3

     E.     The Court Excluded Bosch's ODP Theory From This Case ................................. 4

     F.     Dr. Klopp's Reports ........................................................................................... 4

III.    LEGAL STANDARDS ...........................................................................................5

IV.    ARGUMENT..........................................................................................................6

     A.     The Court Should Strike the Portions of Dr. Klopp's Report Directed to Theories Bosch Failed to Preserve, Pursue, or Prove ........................................... 7

          1.     Obviousness-Type Double Patenting ("ODP") is "Not In This Case" ....... 7

          2.     Bosch Waived Indefiniteness By Not Including It In Its *Markman* Briefing ................................................................................................. 7

          3.     Bosch Hid "Fluid Passage" Written Description and Enablement Theories.................................................................................................. 8

          4.     Bosch Failed to Disclose the Alleged NIAs Upon Which Dr. Klopp Relies.................................................................................................... 9

     B.     The Court Should Strike the Portions of Dr. Klopp's Report that Rely on Untimely Disclosed Evidence.............................................................. 10

     C.     The Court Should Strike Dr. Klopp's Unreliable Opinions Regarding Alleged NIAs and Improper Claim Constructions ............................................. 11

███████████████████

        1.     Dr. Klopp's Opinions Regarding Alleged NIAs Are Unreliable Because He Does Not Opine That They Were Acceptable or Available ........................................................................... 11

        2.     Dr. Klopp Offers Unreliable Claim Construction Opinions ..................... 13

             a.     Dr. Klopp Failed To Apply This Court's Claim Constructions.... 13

             b.     Dr. Klopp Unreliably Offers Constructions of Language That Does Not Appear In Any Claim..................................................... 15

V.     CONCLUSION..............................................................................................................15

████████████████████████████████████████

## TABLE OF AUTHORITIES

**Cases**

*AstraZeneca AB v. Apotex Corp.*,
782 F.3d 1324 (Fed. Cir. 2015) ................................................................................... 12, 13

*CLO Virtual Fashion Inc. v. Zhejiang Lingdi Digit. Tech. Co.*,
No. 2:23-cv-00274-JRG-RSP, 2025 WL 1888626 (E.D. Tex. July 8, 2025) ........................... 12

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993)......................................................................................... 2, 6, 11

*Droplets, Inc. v. Overstock.com, Inc.*,
No. 2:11-CV-401-JRG-RSP, 2015 WL 11120799 (E.D. Tex. Jan. 9, 2015)............................ 8

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
No. 2:15-cv-37-RWS, 2017 WL 4693971 (E.D. Tex. July 31, 2017)....................................... 7

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
No. 2:15-cv-37-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017).............................. 7

*Knight v. Kirby Inland Marine Inc.*,
482 F.3d 347 (5th Cir. 2007) ..................................................................................... 6

*L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*,
No. 6:11-cv-00599-JDK, 2013 WL 7937026 (E.D. Tex. Oct. 11, 2013) ................................. 6

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
No. 2:20-cv-349-JRG-RSP, 2022 WL 991696 (E.D. Tex. Mar. 31, 2022) ......................... 6, 11

*Mojo Mobility, Inc. v. Samsung Elecs. Co.*,
No. 2:22-CV-00398, 2024 WL 3527240 (E.D. Tex. July 24, 2024) ......................................... 5

*Moore v. Ashland Chem. Inc.*,
151 F.3d 269 (5th Cir. 1998). ..................................................................................... 6

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*,
No. 6:16-CV-00445-RWS, 2018 WL 4289342 (E.D. Tex. July 11, 2018) ............................... 9

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
382 F.3d 546 (5th Cir. 2004) ..................................................................................... 6

*SB IP Holdings, LLC v. Vivint, Inc.*,
No. 4:20-CV-00886, 2023 WL 6601415 (E.D. Tex. Oct. 10, 2023) ................................ 14, 15

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*,
338 F.3d 394 (5th Cir. 2003) ..................................................................................... 6

████████████████████

*Varta Microbattery GmbH v. Audio P'ship LLC,*
  No. 2:21-CV-00400-JRG-RSP, 2023 WL 5192986 (E.D. Tex. Aug. 11, 2023) ................ 13, 14

**Rules**

FED. R. CIV. P. 26 ........................................................................................................... 5

FED. R. CIV. P. 26(e)(1)(A) ............................................................................................ 5

FED. R. CIV. P. 37 ....................................................................................................... 1, 5

FED. R. CIV. P. 37(c)(1) ................................................................................................. 5

FED. R. EVID. 702 ...................................................................................................... 2, 6

P.R. 3-3(d) ................................................................................................................ 1, 5

P.R. 3-4(a) .................................................................................................................... 1

P.R. 4-1 ..................................................................................................................... 5, 7

P.R. 4-2 ........................................................................................................................ 5

P.R. 4-3 ..................................................................................................................... 5, 8

██████████████████████████████████████████████

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| Ex. A | Plaintiff Robert Bosch LLC's LPR 3-3 and 3-4 Disclosures Cover Pleading ("Bosch's P.R. 3-3 Invalidity Contentions"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Apr. 25, 2023). |
| Ex. B | Opening Expert Report of Dr. Richard W. Klopp (the "Klopp Report"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Nov. 6, 2025). |
| Ex. C | Plaintiff's Proposed Terms and Claim Elements for Construction ("Bosch's P.R. 4-1 Disclosures"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Dec. 14, 2023). |
| Ex. D | Plaintiff's Patent Rule 4-2 Claim Construction Disclosures ("Bosch's P.R. 4-2 Disclosures"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Jan. 11, 2024). |
| Ex. E | Robert Bosch LLC's Eighth Supplemental Response to Defendant's First Set of Interrogatories (Nos. 1–14), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Oct. 6, 2025). |
| Ex. F | Transcript of Motion Hearing Proceedings Held on November, 5, 2025 Before the Honorable Roy S. Payne, *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Nov. 5, 2025); *see also* Dkt. No. 165. |
| Ex. G | Rebuttal Expert Report of Dr. Richard W. Klopp (the "Klopp Rebuttal Report"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Dec. 4, 2025). |
| Ex. H | June 12, 2025 Email to Dr. Richard W. Klopp Regarding Amesim CRI3 Models |
| Ex. I | United States Patent No. 5,779,149 to Edward James Hayes, Jr. |
| Ex. J | Excerpts from Robert Bosch LLC PowerPoint entitled ████████████ ██████████████████████████ |
| Ex. K | United States Patent and Trademark Office Maintenance Fee Payments for United States Patent No. 5,779,149 to Edward James Hayes, Jr. |

## I.    INTRODUCTION

Westport Fuel Systems Canada Inc. ("Westport") respectfully requests that the Court strike certain opinions of Dr. Richard W. Klopp, Robert Bosch LLC's ("Bosch") expert witness, because they: (1) relate to theories that were not disclosed or preserved in this case, (2) rely on last-minute and belatedly-produced evidence, and (3) unreliably engage in impermissible claim construction.

*First*, Dr. Klopp opines on obviousness-type double-patenting ("ODP") invalidity issues that the Court has already ruled are "untimely" and "not a part of this case" (Dkt. No. 162 at 2–3), indefiniteness positions that Bosch elected not to include in its *Markman* briefing despite the requirements of the Court's Docket Control Order (Dkt. No. 65 at 5), written description and enablement positions that Bosch failed to preserve in its Preliminary Invalidity Contentions ("PICs") in violation of P.R. 3-3(d), and alleged non-infringing alternatives ("NIAs") that Bosch failed to disclose in its discovery responses. Having failed to preserve or pursue any of these issues, the Court should not permit Bosch's expert Dr. Klopp to interject them into the case now.

*Second*, Dr. Klopp offers non-infringement opinions based on Amesim and Amerun models that Bosch failed to timely disclose or produce during discovery. Bosch failed to disclose this "sufficient-to-show" data with its PICs, as required by P.R. 3-4(a), in its response to Westport's non-infringement interrogatory, and by the March 2024 deadline to substantially complete document production (Dkt. No. 65 at 3.) Instead, Bosch only produced **some** of this material mere days before the close of fact discovery, and the rest long after. The Court should exclude that evidence and strike Dr. Klopp's opinions based on it given Bosch's lack of diligence and the unfair prejudice to Westport if they are permitted.

*Third*, Dr. Klopp offers unreliable opinions. As to alleged NIAs, Dr. Klopp did not opine that such NIAs were "available" or "acceptable." Thus, those opinions are unreliable and, to the extent the Court does not exclude them under Rule 37, the Court should exclude them under

███████████████████████████

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Dr. Klopp also engages in extensive, unreliable claim construction that is sometimes at odds with the Court's claim constructions, and other times is based on language that cannot be found in any Asserted Claim. The Court should strike those unreliable opinions.

## II.    FACTUAL BACKGROUND

When Bosch initiated this suit in Virginia on April 4, 2022, it did not allege that any claim of Westport's U.S. Patent No. 6,298,829 ("the '829 Patent") or U.S. Patent No. 6,575,138 ("the '138 Patent") was invalid.  (Dkt. No. 1.) After the case was transferred to this Court, in its Answer to Westport's counterclaims, Bosch offered a single, perfunctory allegation of invalidity, invoking the common statutory bases of "Pre-AIA 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256."  (Dkt. No. 61 ¶ 60.) The Court ordered Bosch to provide its PICs by April 25, 2023, and set claim construction deadlines between December 14, 2023 and April 11, 2024. (Dkt. No. 65 at 3–4.)

### A.    Bosch Failed to Disclose Invalidity Theories Regarding the '829 Patent's "Fluid Passage" Limitation

The *entirety* of Bosch's disclosed written description and enablement theories was:

| Claim | Limitation |
|---|---|
| '829 Patent, Claim 1 | "a hydraulic link assembly comprising a passive hydraulic link having a *hydraulic fluid thickness* through which said opening and closing forces are transmitted, whereby *said hydraulic fluid acts substantially as a solid* with *said thickness being substantially constant* while said actuator assembly is activated and wherein said thickness of said hydraulic link is adjustable while said actuator is not activated in response to *changes in the dimensional relationship between components* of said injection valve to maintain a *desired valve needle lift* upon activation of said actuator assembly"; in particular, the emphasized limitations above. |
| '138 Patent, Claim 1 | "a hydraulic link assembly comprising a passive hydraulic link having a hydraulic fluid thickness through which said opening and closing forces are transmitted, whereby *said hydraulic fluid acts substantially as a solid* with *said thickness being substantially constant* while said actuator assembly is actuated and wherein said thickness of said hydraulic link is adjustable while said actuator assembly is not actuated in response to *changes in the dimensional relationship between components* of said injection valve to maintain a *desired valve lift* upon actuation of said actuator assembly"; in particular, the emphasized limitations above. |
| '829 Patent, Claims 2–3; '138 Patent, Claims 2-3 | "auto-adjustable" |

(Ex. A at 18.)  Notably missing here was any contention that the claim phrase "fluid passage from

2

said interior chamber to said combustion chamber" from claim 1 of the '829 Patent allegedly lacked written description support or was not enabled.

**B.    Bosch Failed to Pursue Indefiniteness Contentions in its *Markman* Briefing**

While Bosch identified some alleged indefiniteness positions in its April 25, 2023 PICs, (*id.* at 19–20), it declined to include any such positions in its *Markman* briefing in early 2024. Thus, Bosch did not include any indefiniteness arguments in (i) the parties' Joint Claim Construction Statement, (Dkt. No. 88), (ii) Bosch's Responsive Claim Construction Brief, (Dkt. No. 105), or (iii) the parties' Joint Claim Construction Chart, (Dkt. No. 116).

**C.    Bosch Failed to Timely Disclose Technical Models and Files**

In early 2024, Westport sought the factual bases for Bosch's non-infringement contentions in its Interrogatory No. 8. (Ex. E at 44.) The deadline to substantially complete document production passed on March 14, 2024. (Dkt. No. 65 at 3.) Bosch answered Westport's Non-Infringement Interrogatory No. 8 and supplemented its answer three times, ███████████ ████████████████████████████████████ Mere days before the October 30, 2025 close of fact discovery, (Dkt. No. 143 at 4), Bosch produced an Amesim Fuel Injector Model and related input files for the Accused Product. On the Friday following Thanksgiving, long after even opening expert reports, Bosch produced another model and files, this time for Amerun.

**D.    Bosch Committed to Standing By its Alleged Non-Infringing Alternatives ("NIAs") Discovery Response**

In early 2024, Westport sought Bosch's contentions regarding any alleged NIAs through Interrogatory No. 9. (*See* Ex. E at 67.) Bosch's initial substantive response asserted that ██████ ███████████████████████████████████████ (*Id.* at 68.) Bosch also ██████████████████████████████████████

███████████████████████████████████

3



(*Id.*) In October 2025, Bosch supplemented its response,

(*Id.* at 69.) During a hearing on Westport's motion to compel, Bosch committed to "stand by [its] response." (Dkt. No. 165 at 96:10–13.)

### E.    The Court Excluded Bosch's ODP Theory From This Case

Recently, Bosch moved the Court to compel Westport to provide contentions in response to Bosch's late-springing ODP positions. (*See* Dkt. No. 162.) The Court denied Bosch's motion as moot because the Court found that "Bosch's ODP invalidity argument is untimely" and "is not a part of this case." (*Id.* at 2–3.) Moreover, the Court found that "Bosch unreasonably delayed in raising ODP" and, therefore, declined to grant Bosch leave to amend. (*Id.* at 3.)

### F.    Dr. Klopp's Reports

In his November 6, 2025 opening report, (Ex. B), Dr. Klopp offered opinions regarding:



In his December 4, 2025 rebuttal report, (Ex. G), Dr. Klopp offered opinions:

## III.  LEGAL STANDARDS

P.R. 3-3 requires "Invalidity Contentions" which, among other requirements, must contain any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112 ¶ 2, enablement, or written description under 35 U.S.C. § 112 ¶ 1. P.R. 3-3(d). The Patent Rules also require "a list of claim terms, phrases, or clauses which that party contends should be construed *or found indefinite* by the Court." P.R. 4-1 (emphasis added); *see also* P.R. 4-2 (requiring the parties to "provide a preliminary identification of extrinsic evidence… they contend support their . . . *indefiniteness positions*" (emphasis added)); P.R. 4-3 (requiring that the parties pre-hearing statement "shall contain" each "party's . . . *indefiniteness position*" (emphasis added)). Even further, this Court's Docket Control Order expressly required the parties "to include any arguments related to the issue of indefiniteness in their *Markman* briefing." (Dkt. No. 65 at 5.)

Rule 26 requires litigants to "supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." FED. R. CIV. P. 26(e)(1)(A). Failure to provide information required by Rule 26(a), or to supplement under Rule 26(e), bars a party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1). The sole exception is if the failure to timely disclose is "substantially justified or is harmless." *Id.* "The party defending against Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was substantially justified or harmless." *Mojo Mobility, Inc. v. Samsung Elecs. Co.,* No. 2:22-CV-00398, 2024 WL 3527240, at *8 (E.D. Tex. July 24, 2024).

5

Courts in this District frequently strike new theories of invalidity introduced for the first time in expert reports. *See, e.g.*, *L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, No. 6:11-cv-00599-JDK, 2013 WL 7937026, at *5 (E.D. Tex. Oct. 11, 2013). The Fifth Circuit applies a four-factor test to determine whether exclusion of expert testimony based on undisclosed information is an appropriate remedy: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004) (quoting *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

Expert testimony is admissible only if it will assist the trier of fact and complies with Rule 702. The testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. This "reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). "A reliable opinion on whether a product is . . . a non-infringing alternative is incomplete without opining whether the product is both 'available' and 'acceptable' . . . ." *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-cv-349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022). The party seeking to introduce the expert testimony bears the burden to show that the expert's opinions are reliable. FED. R. EVID. 702; *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

## IV.    ARGUMENT

Bosch variously violated this Court's Orders, its Local Rules, and the Federal Rules of Civil Procedure by advancing through Dr. Klopp's report and rebuttal report (i) an ODP theory that the Court had already ruled was "not in the case," (ii)  indefiniteness positions Bosch abandoned prior to the Court's *Markman* hearing, (iii) written description and enablement

arguments wholly absent from Bosch's PICs, (iv) alleged NIAs that materially differed from those disclosed in Bosch's discovery responses on which it committed to stand, (v) opinions relying on late-disclosed evidence, and (vi) opinions engaging in improper claim construction. None of that is harmless. These waived, undisclosed, and late-breaking theories are not important enough to Bosch for it to have preserved them, unfairly prejudice Westport, and illustrate an inexplicable lack of diligence as Bosch seeks to "redo" its case following its failed *Inter Partes* Reviews of Westport's patents.

> **A.    The Court Should Strike the Portions of Dr. Klopp's Report Directed to Theories Bosch Failed to Preserve, Pursue, or Prove**

> 1.    <u>Obviousness-Type Double Patenting ("ODP") is "Not In This Case"</u>

Based on Bosch's failure to plead ODP as an affirmative defense and failure to include any ODP theories in its PICs, the Court has already found that "Bosch's ODP invalidity argument is untimely" and that Bosch's ODP invalidity theory "is not a part of this case." (Dkt. No. 162 at 2–3.) Thus, Bosch cannot assert an ODP invalidity theory through Dr. Klopp's report. *Id.*; *see also Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-37-RWS-RSP, 2017 WL 2651618, at *8 (E.D. Tex. June 20, 2017) (striking invalidity theory from expert's report after the Court previously struck the underlying references in the case), *report and recommendation adopted*, 2017 WL 4693971 (E.D. Tex. July 31, 2017).

> 2.    <u>Bosch Waived Indefiniteness By Not Including It In Its *Markman* Briefing</u>

Through Dr. Klopp's opening report, Bosch raises indefiniteness theories that it abandoned during *Markman*. Although it disclosed some indefiniteness positions in its PICs, Bosch declined to advance ***any*** indefiniteness arguments at all during claim construction, despite:

- the Patent Rules' requirement to timely exchange "claim terms, phrases, or clauses which that party contends should be construed ***or found indefinite by the Court,***" P.R. 4-1 (emphasis added);

██████████████████████████████████████████

- the Patent Rules' requirement to include "[e]ach party's proposed claim construction *or indefiniteness position* for each disputed claim term, phrase, or clause" in the Joint Construction Statement, P.R. 4-3 (emphasis added); and

- the Court's Order that the parties "include any arguments related to the issue of indefiniteness in their *Markman* briefing," (*e.g.*, Dkt. No. 65 at 5).

By failing to argue during claim construction that "the Asserted Claims of the '829 and '138 Patents are invalid for indefiniteness" because they allegedly ████████████████████

████████████████████████████████████████████████

████████████████████████████████████ Bosch waived its ability to pursue its indefiniteness theory at this late stage. The Court should exclude it and Dr. Klopp's opinions.

This issue is fully consistent with *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2015 WL 11120799, at *2 (E.D. Tex. Jan. 9, 2015). There, the defendants "failed to raise the issue of indefiniteness in their *Markman* brief or other claim construction pleadings" like Bosch did here. *Id.* The Court found that including indefiniteness arguments defendants failed to raise during claim construction in their subsequent expert report was an improper attempt to "circumvent the Court's claim construction process entirely and raise the indefiniteness issue . . . —for the first time—before the jury." *Id.* The Court found that the "Defendants [would] not be accorded such opportunity." *Id.* Just as in *Droplets*, the Court should strike "the portions relating to any definiteness determinations with respect to" what it means ████████████████

████████████████████████████████████████████████

██████████████████████ from Dr. Klopp's report and preclude Bosch "from eliciting any testimony from" Dr. Klopp regarding indefiniteness. *Id.*

    3.    <u>Bosch Hid "Fluid Passage" Written Description and Enablement Theories</u>

The Court should strike Dr. Klopp's written description and enablement theories as to the claim language ██████████████████████████████████████ As noted

in Section II.A above, these theories are wholly absent from Bosch's PICs, and Bosch did not move to amend its PICs to include such theories. The Court should not permit Dr. Klopp's report to exceed the scope of Bosch's own PICs.

In May 2025, Bosch referenced written description or enablement arguments regarding the "fluid passage" claim language in its objections to the Court's Claim Construction Order. (Dkt. No. 126 at 1.) But that belated argument is of no help to Bosch because, other than opting for the word "passage" instead of Westport's proposed "pathway," the Court's construction of the "fluid passage" term is identical to Westport's proposal. *Compare, e.g.*, Dkt. No. 116-1 at 1 (Westport's proposal), *with* Dkt. No. 122 at 29 (Court's construction). And Bosch had been on notice of Westport's proposed construction since at least as early as January 11, 2024. (*See* Dkt. No. 87.) But Bosch never sought to amend its PICs in response to Westport's long-disclosed claim construction position. Having failed to timely assert written description or enablement theories regarding the '829 Patent's "fluid passage" limitation in its PICs or to have sought leave to amend them, the Court should not permit Bosch to introduce them now. Thus, the Court should exclude Dr. Klopp's enablement/written description opinions as to the "fluid passage" term. *Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No. 6:16-CV-00445-RWS, 2018 WL 4289342, at *4 (E.D. Tex. July 11, 2018).

4.    Bosch Failed to Disclose the Alleged NIAs Upon Which Dr. Klopp Relies

The Court should exclude Dr. Klopp's opinions regarding alleged NIAs because Bosch failed to disclose these theories in the discovery responses upon which it committed to stand.

9

██████████████████████████

██████████████████████████ But, as set forth in Section II.D above, Bosch never

identified ██████████████████████████████████████

████████████████████████████ as an NIA in its interrogatory responses.

Thus, Bosch has fundamentally failed to adhere to Bosch's commitment to this Court to "stand by

our response." (Dkt. No. 165 at 96:11–12.) Because Bosch failed to disclose █████████████

████████ in response to Westport's discovery requests, the Court should preclude Bosch and

its expert from relying on it under Rule 37.

**B.    The Court Should Strike the Portions of Dr. Klopp's Report that Rely on Untimely Disclosed Evidence**

The Court should exclude Dr. Klopp's opinions relying on late produced Amesim models

and even later produced Amerun models because Bosch's failure to timely disclose such models

in its discovery responses or to timely produce the underlying data unfairly prejudiced Westport.

Bosch cannot show that its failure was substantially justified or harmless.

Bosch was not diligent in discovering or disclosing the Amesim or Amerun models. Bosch

failed to produce any such models or data with its "sufficient-to-show" production accompanying

its April 2023 PICs. Nor did Bosch produce any such models or data by the March 2024

substantially complete deadline. (Dkt. No. 65 at 3.) Instead, Bosch waited until mere days before

the close of fact discovery to produce the Amesim models and even later, after the close of fact

discovery on the Friday following Thanksgiving, to produce the Amerun models.

██████████████████████████████████████

██████████████████████████████████████

██████████████████ At least as early as June 2025, however, Bosch knew that Dr. Klopp

intended to rely on an Amesim model, but failed to disclose it to Westport in Bosch's June 2025

supplement. (*E.g.*, Ex. H at Klopp-01527.) Nor did Bosch disclose it in its later August and

10

October 2025 supplements. Instead, Westport first learned about the model and data on October 24, 2025, days before the close of fact discovery. Bosch's months-long (at a minimum) delay in disclosing or producing any Amesim or (even later) Amerun models and data belies any claim that the evidence is important. If this data were as important as Dr. Klopp suggests, Bosch would have produced it and disclosed it long ago.

Bosch's untimely disclosure also unfairly prejudices Westport because it prevented Westport and its experts from analyzing Bosch's models, conducting discovery on the facts underlying such models, or developing rebuttal models in response to Bosch's evidence. Further, a continuance would only increase Westport's prejudice because Westport would be potentially forced to seek belated fact discovery and issue a supplemental expert report to account for Bosch's late-disclosed models and related opinions. Because Bosch failed to disclose its models, the Court should preclude Bosch from relying on the same under Rule 37.

### C. The Court Should Strike Dr. Klopp's Unreliable Opinions Regarding Alleged NIAs and Improper Claim Constructions

Dr. Klopp offers unreliable opinions regarding both NIAs and claim construction. Regarding NIAs, Dr. Klopp's analysis fails under *Daubert* because his "opinion on whether a product is . . . a non-infringing alternative is incomplete without opining whether the product is both 'available' and 'acceptable' . . . ." *Longhorn*, 2022 WL 991696, at *4. Regarding claim construction, Dr. Klopp's analysis fails under *Daubert* because he failed to adhere to this Court's claim constructions and relied upon his own "constructions" of words that are not found in the Asserted Claims.

#### 1. Dr. Klopp's Opinions Regarding Alleged NIAs Are Unreliable Because He Does Not Opine That They Were Acceptable or Available

Even if Bosch obliquely hinted at its NIA theories—it did not—the Court should strike Dr. Klopp's opinions as impermissibly unreliable because he does not opine about the

██████████████████████████████

acceptability or availability of the alleged NIAs. As noted in Section II.F above, Dr. Klopp opines

that ████████████████████████████████████████████████████████████████

████████████    Thus, at best, Dr. Klopp advances ████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████    (*E.g.*, *id.*) Neither source is sufficient as an

acceptable, available NIA, so the combination can't be either.

*First*, "[i]t is well-established that an instrumentality accused of infringement cannot be

used as a non-infringing alternative." *CLO Virtual Fashion Inc. v. Zhejiang Lingdi Digit. Tech.*

*Co.*, No. 2:23-cv-00274-JRG-RSP, 2025 WL 1888626, at *2 (E.D. Tex. July 8, 2025) (citing

*AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340 (Fed. Cir. 2015)). *Second*, the Hayes patent

issued to Siemens Automotive Corporation in 1998. (Ex. I at BOSCH_WP_0000153 (fields [73]

and [45]).) ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████



████████████████████████████████ The Hayes patent was still in force at the time of the June 2005 hypothetical negotiation. (Ex. K at PUBLIC0005348.)

Dr. Klopp has not identified any evidence whatsoever that Bosch could access █ ██████████████ (the Hayes patent) free from allegations of infringement. And an alternative that is covered by valid, unexpired patents owned by a third party is not "available" to an infringer. *See AstraZeneca*, 782 F.3d at 1340. In *AstraZeneca*, the Federal Circuit upheld the district court's conclusion that an alleged NIA covered by a third-party patent was ***not available*** to the infringer. *Id.* There, the infringer alleged that a third-party KUDCo formulation was found to be non-infringing and, therefore, was an appropriate NIA. *Id.* But the KUDCo formulation "was covered by KUDCo's own patents," so it was unavailable to the infringer. *Id.* So too here. Bosch cannot avoid infringement by proposing to have hypothetically infringed a different patent. Dr. Klopp's proposal of precisely that is inherently unreliable, and the Court should strike it.

2.    Dr. Klopp Offers Unreliable Claim Construction Opinions

"Expert testimony based on impermissible claim construction is . . . properly excluded because it may confuse the jury." *Varta Microbattery GmbH v. Audio P'ship LLC*, No. 2:21-CV-00400-JRG-RSP, 2023 WL 5192986, at *3 (E.D. Tex. Aug. 11, 2023). Dr. Klopp offers such impermissible claim construction because, at times, he fails to apply this Court's constructions, and at other times, concocts his own constructions of language that does not appear in the claims.

a.    *Dr. Klopp Failed To Apply This Court's Claim Constructions*

This Court construed the claim term "valve needle" to mean "an elongated cylindrical valve component that is configured to cooperate with a valve seat so as to seal and unseal," (Dkt. No. 122 at 13), the term "valve member" to mean "a valve component that is configured to cooperate with a valve seat so as to seal and unseal," (*id.* at 16), and the term "lift" to mean "displacement of a valve needle (or valve member) away from its closed/seated position to its open position," (*id.*

13

at 21). Dr. Klopp failed to apply these constructions in his analysis. "[E]xpert testimony inconsistent with the court's claim construction should be excluded because it is unreliable and unhelpful to the finder of fact." *Varta,* 2023 WL 5192986, at *3.

In his reports, Dr. Klopp ███████████████████████████████████████████



Moreover, Dr. Klopp ██████████████████████████████████████████████████████████████████████ The Court's constructions of "valve needle" and "valve member" are clear on their face. The Court's constructions do not require Dr. Klopp's further constructions that Bosch did not timely seek. Rather, "[a]n expert is bound by the claim construction set forth by the Court." *SB IP Holdings, LLC v. Vivint, Inc.,* No. 4:20-CV-00886, 2023 WL 6601415, at *9 (E.D. Tex. Oct. 10, 2023).

And as to "lift," Dr. Klopp ████████████████████████████████████████████████████████████████████████ None of that is required by the Court's construction of "lift" to mean "displacement of a valve needle (or valve member) away from its closed/seated position to its open position." (Dkt. No. 122 at 21.)

In short, Dr. Klopp's attempts to insert new limitations into the *construed* terms under the guise of plain and ordinary meaning are "[i]ncorrect claim construction statements [that] . . . form a basis to exclude [the] expert's opinion." *SB IP Holdings,* 2023 WL 6601415, at *9.



   b.  *Dr. Klopp Unreliably Offers Constructions of Language That Does Not Appear In Any Claim*

Not content to simply re-write the Court's constructions, Dr. Klopp also ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But

**none of those phrases appears <u>in haec verba</u> in any Asserted Claim in this case**. That makes Dr. Klopp's efforts to interpret and apply the claim language that much more unreliable when he uses language not found in the claims in an effort to narrow the scope of the claims. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But as this Court has recognized, experts "should not use intrinsic evidence, such as the surrounding claim language, specification, or prosecution history—entirely divorced from any accused products—to narrow the plain and ordinary meaning of the claims." *SB IP Holdings*, 2023 WL 6601415, at *9. Dr. Klopp's efforts in that regard are utterly unreliable, and the Court should exclude such opinion and analysis.

## V.  CONCLUSION

For the foregoing reasons, the Court should strike Dr. Klopp's opinions regarding theories that Bosch itself failed to preserve, pursue, or prove. Further, the Court should strike the portions of Dr. Klopp's reports and analysis that are unreliable, namely his opinions regarding alleged NIAs, which are insufficient and unreliable as a matter of law for want of any opinion that they would be "acceptable" or were "available," and his unreliable opinions regarding claim construction, both by ignoring the Court's constructions and concocting constructions of his own for language not found in the claims.

███████████████████████████████████████

Dated: December 9, 2025

Respectfully submitted,

/s/ Miranda Y. Jones
Miranda Y. Jones
  *Lead Counsel*
  State Bar No. 24065519
Jamie H. McDole
  State Bar No. 24082049
Phillip B. Philbin
  State Bar No. 15909020
Michael D. Karson
  State Bar No. 24090198
David W. Higer
  State Bar No. 24127850
Matthew L. Vitale
  State Bar No. 24137699
Cody M. Carter
  State Bar No. 24131091
Eugene M. Massad, III
  State Bar No. 24126247
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: mjones@winstead.com
        jmcdole@winstead.com
        pphilbin@winstead.com
        mkarson@winstead.com
        dhiger@winstead.com
        mvitale@winstead.com
        ccarter@winstead.com
        emassad@winstead.com

Claire A. Henry
Texas Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel.: (903) 757-6400
Fax: (903) 757-2323
Email  claire@millerfairhenry.com

*Attorneys for Defendant and Counterclaim-Plaintiff Westport Fuel Systems Canada Inc.*

16

████████████████████████████████

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 18, 2025 and again on December 8, 2025, counsel for the parties (including Miranda Jones and Claire Henry for Westport, Bas De Blank and Eric Findlay for Bosch) conferred telephonically regarding the subject matter of the instant Motion and were unable to reach a resolution.

*/s/ Miranda Y. Jones*
Miranda Y. Jones

## CERTIFICATE OF SERVICE

I hereby certify that, on December 8, 2025, I electronically submitted the foregoing SEALED document with the clerk of the United States District Court for the Eastern District of Texas, using the electronic case management CM/ECF system of the Court and served on all counsel of record through electronic mail.

*/s/ Miranda Y. Jones*
Miranda Y. Jones

████████████████████████████████

███████████████████████████████████

████████████████████████

*/s/ Miranda Y. Jones*
Miranda Y. Jones

17