## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

ROBERT BOSCH LLC,

        Plaintiff,

    v.

WESTPORT FUEL SYSTEMS CANADA, INC.,

        Defendant.

Case No. 2:23-cv-00038-JRG-RSP

**Jury Trial Demanded**

## PLAINTIFF ROBERT BOSCH LLC'S OPPOSED *DAUBERT* MOTION REGARDING OPINIONS OF STEPHEN DELL

**TABLE OF EXHIBITS**

| EXHIBIT | DESCRIPTION | SHORT CITATION |
|---|---|---|
| 1 | Excerpts from the November 6, 2025 Expert Report of Stephen E. Dell, CVA, Relating to Damages | Dell |
| 2 | Excerpts of Robert Bosch LLC's Fifth Supplemental Response to Defendant's First Set of Interrogatories (Nos. 1-6, 8, 10) | |
| 3 | Excerpts of a ████████████ ████████ printed from a native document produced by Bosch at BOSCH_WP_0038801 | BOSCH_WP_0038801 |
| 4 | Excerpts from the October 21, 2025 30(b)(6) deposition transcript of ████████ in this action | ████████ 30(b)(6) Dep. Tr. |
| 5 | Excerpts from the December 4, 2025 Rebuttal Expert Report of Douglas Kidder | Kidder |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................................1

II.    BACKGROUND ............................................................................................................1

     A.    Plaintiff Bosch LLC Files a Declaratory Judgment Action Against Defendant Westport............................................................................................................1

     B.    Mr. Dell's Running Royalty Opinion Is Based on Bosch GmbH's Purported Profit Margins. ......................................................................................................2

III.    LEGAL STANDARD......................................................................................................6

IV.    ARGUMENT...................................................................................................................7

     A.    Mr. Dell's Opinions Are Unreliable Because They Are Based on the Profit of Non-Party Bosch GmbH. ...............................................................................7

     B.    Mr. Dell's Opinions Are Unreliable Because He Ignores Bosch LLC's Profits..............11

     C.    Mr. Dell's ▮▮ Royalty Rate Must Be Excluded............................................................12

V.    CONCLUSION.............................................................................................................12

███████████████████████████

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daedalus Blue LLC v. SZ DJI Tech. Co.*,
No. W-20-CV-00073-ADA, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022) .......................................... 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ..................................................................................................................... 1

*Genuine Enabling Tech. LLC v. Sony Corp.*,
No. 17-CV-135, 2022 WL 17325656 (D. Del. Nov. 28, 2022) .............................................................. 8

*Mahurkar v. C.R. Bard, Inc.*,
79 F.3d 1572 (Fed. Cir. 1996) .................................................................................................... 7

*Opticurrent, LLC v. Power Integrations, Inc.*,
No. 17-CV-03597-WHO, 2018 WL 6727826 (N.D. Cal. Dec. 21, 2018).............................................. 8

*Oracle Am., Inc. v. Google Inc.*,
798 F. Supp. 2d 1111 (N.D. Cal. 2011).......................................................................................... 7

*Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*,
793 F.2d 1456 (5th Cir. 1986) ....................................................................................................... 11

*Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*,
No. CIV. 99-846-SLR, 2004 WL 1305849 (D. Del. June 9, 2004), *aff'd in part,
vacated in part & reversed in part on other grounds by* 425 F.3d 1366 (Fed. Cir.
2005)........................................................................................................................................ 8, 9, 10, 11

**Other Authorities**

Federal Rule of Evidence 702 ........................................................................................................ 1, 7, 12

██████████████████████████████████████

Plaintiff Robert Bosch LLC ("Bosch LLC") respectfully moves to exclude the opinions of Mr. Stephen Dell. Mr. Dell is the economic expert for Defendant Westport Fuel Systems Canada, Inc. ("Westport"). As explained below, Mr. Dell's opinions are unreliable and inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## I. <u>INTRODUCTION</u>

Westport's damages expert, Mr. Stephen Dell, opines that Westport and Bosch LLC would agree to a running royalty of ██ of the revenue from sales of the accused products. Mr. Dell arrives at the ██ rate by using the profit margins of a nonparty corporation as his "starting point"—even though that corporation would not be at the hypothetical negotiation and does not infringe the asserted patents. Mr. Dell (1) provides no explanation for why that nonparty's profit margin would be relevant, let alone the driving consideration supporting his royalty rate and (2) ignores evidence specific to Bosch LLC's profit margins, which are very different from the nonparties' profit margins. In fact, the actual profit margins from Bosch LLC show that Mr. Dell's royalty would result in Bosch LLC losing money on the sale of every accused product—another fact Mr. Dell never acknowledges. Mr. Dell's reliance on the nonparty's profit margin should be excluded. Without that profit margin input, Mr. Dell's ultimate royalty rate opinion ███████ lacks any foundation and should be excluded as well.

## II. <u>BACKGROUND</u>

### A. <u>Plaintiff Bosch LLC Files a Declaratory Judgment Action Against Defendant Westport.</u>

Westport owns the two patents asserted in this case. On December 15, 2021, Westport filed five lawsuits in the United States District Court for the Eastern District of Texas alleging that certain auto manufacturers, including Ford Motor Company ("Ford") and General Motors, LLC

████████████████████████████████████████████████

("GM") infringed Westport's Patents based on their making, using, selling, offering to sell and/or importing diesel vehicles incorporating allegedly infringing fuel injectors. In each of Westport's complaints filed in Texas, Westport identified as the "Accused Instrumentalities" a Bosch fuel injection valve. When Westport's litigation campaign against Bosch LLC's customers came to light, Bosch LLC brought this declaratory judgment action against Westport.

Bosch LLC and Bosch GmbH are entirely separate corporate entities; Bosch LLC and Bosch GmbH have separate finances and report profit separately. The relationship between Bosch LLC and Bosch GmbH is effectively the relationship between a manufacturer and a reseller. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ Ex. 2[1] (Bosch's Fifth Suppl. Resp. to Def's. First Set of Interrogs. (Nos. 1-6, 8, 10), August 15, 2025, Resp. to Interrog. No. 6, p. 28).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ *Id.* Thus, as Mr. Dell acknowledges, Bosch GmbH does not import or sell products in the United States and therefore is not accused of infringement and is not a party to this case. Dell ¶ 56 (citing Mr. Goodenough).

**B.** **Mr. Dell's Running Royalty Opinion Is Based on Bosch GmbH's Purported Profit Margins.**

Mr. Dell opines that the parties would have agreed to a reasonable royalty of a ██ running royalty on revenue from sales of the accused products by Bosch LLC. Dell ¶¶ 19-20. He applies

---

[1] All exhibits cited herein are attached to the Declaration of Michael C. Chow in Support of Bosch's Opposed Daubert Motion Regarding Opinions of Stephen Dell, unless otherwise noted. Excerpts to the Expert Report of Stephen Dell ("Dell") are attached as Ex. 1.

the hypothetical negotiation framework and the *Georgia-Pacific* factors to arrive at this rate.  Dell ¶ 18.  The parties agree that the hypothetical negotiation would have taken place in June 2005 between Westport and Bosch LLC (then named Robert Bosch Corporation).  Dell ¶¶ 214-216; *see also* Dell ¶¶ 68-69.

Mr. Dell arrives at this ▮ royalty rate by looking to the purported profit margins of Bosch GmbH.  Dell ¶¶ 136-148 (analysis on Factors 8 and 11).  Specifically, Mr. Dell points to a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Ex. 3 (BOSCH_WP_0038801).  ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Ex. 3 (BOSCH_WP_0038801) at 35.  According to Mr. Dell, the slide shows that ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dell ¶ 137.

The slide also shows ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3





Dell ¶ 230. Mr. Dell then applies the *Georgia-Pacific* factors to the ████ range and concludes that while most factors are neutral, the parties would have agreed to a royalty at the high end of the range, or ██. *See* Dell ¶¶ 218, 231-232.

Mr. Dell seems to offer a second path to arriving at a bargaining range of ████ in footnote 294 of his report. *See* Dell ¶ 231. There, Mr. Dell points to a ████████

Mr. Dell's analysis sometimes treats Bosch LLC and Bosch GmbH as a single entity and at other times distinguishes between the two companies. *Compare* Dell ¶ 1 n.2 ("I understand Robert Bosch LLC is a wholly owned subsidiary of Robert Bosch North America Corporation, which is wholly owned by Robert Bosch GmbH. (See, Robert Bosch LLC's Response to Defendant's Third Set of Interrogatories (Nos. 17-27, September 8, 2025, p. 19). As such, I refer to Robert Bosch, LLC and all predecessor and parent companies as 'Bosch', individually and

collectively.") *with* Dell ¶¶ 214-216 (specifically identifying Bosch LLC, then called Robert Bosch Corporation, as the party to the hypothetical negotiation). Mr. Dell does not provide any explanation of whether or why Bosch LLC would consider Bosch GmbH's incremental profits in the hypothetical negotiation. Nor does Mr. Dell acknowledge the business relationships between Bosch LLC as an importer-reseller and Bosch GmbH as a designer-manufacturer of the accused products.

Mr. Dell's royalty opinion looks to profit information from Bosch GmbH to the exclusion of profit information specific to Bosch LLC. Bosch LLC produced its own financial information regarding sales of the accused products. *See* Dell Attachment 8A, n.4. (relying on "BOSCH_WP_0075456A and BOSCH_WP_0075457A for purposes of calculating a royalty base with respect to Bosch's sales to OEM."). ██████████████████████████████████

██████████████████████████████ █████████████████████████████████

███████ ████████████████████████ █████████████████████████████████

██████████████████████ ███ █████████████ ████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████ Yet Mr. Dell opines that Bosch LLC would have agreed to pay a ██ royalty, an average of ████ per unit. Kidder ¶ 10. Since that ██████ royalty is greater than Mr. Dell's calculated ████ average gross profit per unit, this would mean that Bosch loses, on average, ████ for each such injector sold under Mr. Dell's damages theory. *Id.*

## III.    <u>LEGAL STANDARD</u>

An expert witness may provide opinion testimony only "if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable

principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

## IV.    ARGUMENT

### A.    Mr. Dell's Opinions Are Unreliable Because They Are Based on the Profit of Non-Party Bosch GmbH.

Mr. Dell's application of the hypothetical negotiation framework does not reflect "a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The hypothetical negotiation must be "between the patentee and infringer (both hypothetically willing) at the time infringement began." *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996). Everyone agrees that Bosch LLC (then called Robert Bosch Corporation) is the accused infringer at the time the alleged infringement began. Dell ¶ 216. And everyone agrees that Bosch GmbH was not, and has never been, the accused infringer. Mr. Dell was thus required to evaluate the reasonable royalty from the perspective of Westport and Bosch LLC—not from the perspective of some other entity. Mr. Dell's reliance on Bosch GmbH's profits as the starting point for the hypothetical negotiation effectively makes Bosch GmbH a party to the negotiation.[4] Indeed, Mr. Dell defines "Bosch" as including nonparty Bosch GmbH, even though Bosch LLC is the only entity accused of infringement. Dell ¶ 1 n.2.

Mr. Dell "erred in hypothesizing a negotiation between" Westport and Bosch GmbH, "instead of one between" Westport and Bosch LLC; after all, Bosch GmbH and Bosch LLC "were different companies with different interests. Injecting [Bosch GmbH] into the bargaining room was wrong." *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011); *see*

---

[4] ███████████████████████████████████████████████████ And footnote 294 cannot be considered a complete opinion on damages, as it fails to address all but one *Georgia-Pacific* factor and does not offer any technological or economic apportionment analysis.

██████████████████████████████████████

*also Genuine Enabling Tech. LLC v. Sony Corp.*, No. 17-CV-135, 2022 WL 17325656, at *18 (D. Del. Nov. 28, 2022) ("If the current plaintiff was not the patentee at the time, it is improper to use the current plaintiff as the hypothetical negotiator."); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-WHO, 2018 WL 6727826, at *9 (N.D. Cal. Dec. 21, 2018) ("Evans's expert opinion on a hypothetical negotiation should have been analyzed between Congdon and PI, not Opticurrent and PI. Exclusion is appropriate on this basis alone."); *Daedalus Blue LLC v. SZ DJI Tech. Co.*, No. W-20-CV-00073-ADA, 2022 WL 831619, at *8 (W.D. Tex. Feb. 24, 2022) (excluding expert opinion for using the wrong party in hypothetical negotiation and *Georgia-Pacific* analysis.).

Mr. Dell offers no explanation or reasoned basis for treating Bosch LLC as interchangeable with Bosch GmbH, let alone an explanation for why Bosch LLC would use Bosch GmbH's incremental profits as the starting point for the hypothetical negotiation. In other cases exploring whether it is appropriate to consider in the hypothetical negotiation the interests of related corporate entities, the court has required a reasoned explanation of why the actual parties to the hypothetical negotiation would have considered the position of the nonparty entity. For example, in *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, "the district court admitted evidence regarding the impact of Shell's infringing sales on Union Carbide Chemicals, the parent of a holding company that holds the title to the" asserted patent. 425 F.3d 1366, 1377 (Fed. Cir. 2005), *overruled on other grounds by Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348 (Fed. Cir. 2009). There, the patentee was a holding company, and its corporate parent practiced the patent, competing directly with the accused infringer. The Federal Circuit agreed this evidence was admissible because any "hypothetical negotiation with the holding company must necessarily include the reality that the economic impact on the Union Carbide Corporation

████████████████████████████████████████████

would weigh heavily in all decisions. The district court correctly recognized that the hypothetical negotiation model would thus properly include these circumstances." *Id.* at 1378. In other words, the evidence provided at trial ***explained why*** the party to the hypothetical negotiation would have considered the financial position of the nonparty corporate parent in addition to the financial interests of the party. Furthermore, the district court emphasized the limited extent of the evidence about the corporate parent, which "included no numbers associated with Union Carbide's potential lost profits" and highlighted that "the damages expert's analysis was properly based on a substantial number of factors and the impact on UCC, as a factor a hypothetical patent holder would consider, was only one component thereof." *Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co.*, No. CIV. 99-846-SLR, 2004 WL 1305849, at *14 (D. Del. June 9, 2004), *aff'd in part, vacated in part & reversed in part on other grounds by* 425 F.3d 1366 (Fed. Cir. 2005). *Union Carbide* is in stark contrast to Mr. Dell's opinions. The relationship between Bosch LLC and Bosch GmbH is not the relationship between a simple patent holding company to a corporate parent that exploits the patents. Mr. Dell's opinions also differ from those in *UCC* because he treats Bosch GmbH's incremental profits as the determining consideration for the royalty, does not consider the profits of Bosch LLC, and offers no explanation of ***why*** Bosch LLC would seemingly exclusively look to Bosch GmbH's profits in negotiating a reasonable royalty with Westport.

Another example showing the deficiencies in Mr. Dell's opinions is *Sealant Systems International, Inc. v. TEK Global S.R.L.*, where the court recounted detailed expert testimony about why the interests of certain nonparties "may all inform the negotiation." No. 5:11-CV-00774-PSG, 2014 WL 1008183, at *32-33 (N.D. Cal. Mar. 7, 2014), *aff'd in part, vacated in part, rev'd in part*, 616 F. App'x 987 (Fed. Cir. 2015). There, for example, the patentee's damages expert opined that

it would not "make any economic sense for Mr. Auerbach, who is the general manager of AMI and also the general manager of SSI, to somehow set aside SSI's economic interest when considering a license" between AMI and TEK. *Id.* at *33 n.249.

Here, however, Mr. Dell offers no explanation as to why Bosch LLC would consider Bosch GmbH's incremental profits to the exclusion of Bosch LLC's profits when negotiating with Westport. Instead, Mr. Dell recognizes that Bosch LLC is the only infringer-side party to the hypothetical negotiation. He then fails to even acknowledge that he is using incremental profits of Bosch GmbH, not Bosch LLC, as his "starting point." Instead, Mr. Dell treats the incremental profits as coming from "Bosch" generally. There is zero support for this treatment of the incremental profits. ███████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████

Mr. Dell further fails to consider the business relationship between Bosch LLC and Bosch GmbH. Bosch GmbH and LLC are like manufacturer and retailer. ██████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████ Equating the profits of a designer and manufacturer to the profits of a reseller "makes no sense." *Id.* "By way of analogy, you can purchase an Apple iPhone directly from Apple or you can buy one at BestBuy. The gross profit to Apple from selling iPhone[s] has nothing to do with

the gross profit to BestBuy for selling an iPhone." *Id.* Mr. Dell, however, fails to acknowledge the different economic positions of the two entities, leaving his opinions with no explanation as to why Bosch LLC, as an importer and reseller of parts, would use the incremental profits of the designer and manufacturer as the starting point in a hypothetical negotiation. That lack of explanation is fatal.

**B.      Mr. Dell's Opinions Are Unreliable Because He Ignores Bosch LLC's Profits.**

The error in relying on Bosch GmbH's incremental profits is further confirmed by looking at Bosch LLC's profits. According to Mr. Dell's own calculation, Bosch LLC sees profits of ███████ on average. *See* Dell Attachment 8H. ███████████████████████ ███████ Applying Mr. Dell's methodology to the information specific to Bosch LLC would therefore result in a 0% royalty to Westport because there is no "excess profit" to be shared between Bosch LLC and Westport.

Furthermore, despite knowing the price at which Bosch LLC actually purchases and sells the accused products, Mr. Dell fails to acknowledge that his ████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████

Mr. Dell's total failure to account for Bosch LLC's profits, coupled with his unexplained reliance on Bosch GmbH's profits, makes his opinion unreliable. An expert cannot, with zero explanation, ignore evidence that is directly relevant to the hypothetical negotiation analysis. *See, e.g.*, *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1462 (5th Cir. 1986) (expert's "utter failure to consider other relevant factors, or to explain his reasons for disregarding them, renders his testimony unworthy of credit").

**C.**     **Mr. Dell's ▇▇ Royalty Rate Must Be Excluded.**

Without the Bosch GmbH profits as the "starting point" for the hypothetical negotiation framework, Mr. Dell has no opinion on any other royalty rate. Mr. Dell's ▇▇ royalty rate is reached by starting with the ▇▇ profit premium that Mr. Dell attributes to the asserted patents.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mr. Dell offers no alternative opinions on how to identify a particular royalty rate without reliance on Bosch GmbH's profits. Accordingly, if the Court excludes the opinions that rely on Bosch GmbH's profits it must also exclude the ▇▇ royalty rate opinion.

**V.**     **CONCLUSION**

The Court should exclude Mr. Dell's opinion that the parties would use Bosch GmbH's incremental profits as a starting point for the hypothetical negotiation as an unreliable "application of the principles and methods to the facts of the case," Fed. R. Evid. 702, and thereby also exclude Mr. Dell's ▇▇ royalty rate opinion.

Dated: December 8, 2025

/s/ *Eric H. Findlay*

Bas de Blank (CA State Bar No. 191487)
basdeblank@orrick.com
Harrison Geron (CA State Bar No. 339851)
hgeron@orrick.com
**Orrick, Herrington & Sutcliffe, LLP**
1000 Marsh Road
Menlo Park, CA
94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

Michael C. Chow (CA State Bar No. 273912)
mchow@orrick.com
**Orrick, Herrington & Sutcliffe, LLP**
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone: +1 949 567 6700
Facsimile: +1 949 567 6710

Angela Colt (NY State Bar No. 5153465)
acolt@orrick.com
**Orrick, Herrington & Sutcliffe, LLP**
51 West 52nd Street
New York, NY 10019
Telephone: +1 212-506-5000
Facsimile: +1 212-506-5151

Eric H. Findlay (Texas State Bar No. 00789886)
efindlay@findlaycraft.com
Brian Craft (Texas State Bar No. 04972020)
bcraft@findlaycraft.com
**Findlay Craft, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Telephone: +1 903-534-1100
Facsimile: +1 903-534-1137
*Attorneys for Plaintiff Robert Bosch LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2025, the foregoing was filed electronically with the clerk of the United States District Court for the Eastern District of Texas and served on all counsel of record through the Court's CM/ECF system.

*/s/ Eric H. Findlay*
Eric H. Findlay

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiff Robert Bosch, LLC has complied with the meet and confer requirement of Local Rule CV-7(h).  On December 8, 2025, Eric Findlay (local counsel for Bosch) and myself (lead counsel for Bosch) conferred with Claire Henry (local counsel for Westport), Miranda Jones (lead counsel for Westport), and David Higer (counsel for Westport), via Zoom regarding this motion.  Counsel for Westport indicated it would oppose Bosch's motion.

　　　　　　　　　　　　　　　　*/s/ Bas de Blank*
　　　　　　　　　　　　　　　　Bas de Blank (CA State Bar No. 191487)
　　　　　　　　　　　　　　　　basdeblank@orrick.com
　　　　　　　　　　　　　　　　1000 Marsh Road
　　　　　　　　　　　　　　　　Menlo Park, CA
　　　　　　　　　　　　　　　　94025-1015
　　　　　　　　　　　　　　　　Telephone: +1 650 614 7400
　　　　　　　　　　　　　　　　Facsimile: +1 650 614 7401