█████████████████████████████████

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ROBERT BOSCH, LLC, | ) | |
| | ) | |
| *Plaintiff / Counter-defendant,* | ) | Civil No. 2:23-cv-00038-JRG-RSP |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| WESTPORT FUEL SYSTEMS CANADA INC., | ) | ████████████████████████ |
| | ) | |
| | ) | |
| *Defendant / Counterclaim-plaintiff.* | ) | |

### WESTPORT FUEL SYSTEMS CANADA INC.'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STRIKE CERTAIN OPINIONS OF DR. RICHARD W. KLOPP (DKT. 187)

████████████████████████████████

**TABLE OF CONTENTS**

I.    BOSCH DID NOT PRESERVE, PURSUE, OR PROVE ITS PRESENT INVALIDITY DEFENSES ........................................................................................1

    A.    Alleged Obviousness-Type Double Patenting ("ODP").......................................... 1

    B.    Alleged Indefiniteness ............................................................................ 1

    C.    Alleged "Fluid Passage" Written Description and Enablement Issues................... 3

    D.    Alleged Non-Infringing Alternatives ("NIA")........................................................ 3

II.   BOSCH DID NOT TIMELY PRODUCE HIGHLY-RELEVANT DOCUMENTS ..........3

III.  THE COURT SHOULD STRIKE DR. KLOPP'S UNRELIABLE OPINIONS ...............4

    A.    Dr. Klopp's Unacceptable or Unavailable Alleged NIAs........................................ 4

    B.    Dr. Klopp's Additional Limitations to Construed Terms ....................................... 4

    C.    Dr. Klopp's Claim Constructions of Terms Foreign to the Claims ........................ 5

ii

# TABLE OF AUTHORITIES

**Cases**

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
   No. 09290, 2012 WL 3686736 (W.D. Pa. Aug. 24, 2012) ........................................................ 4

*Grain Processing Corp. v. Am. Maize-Products Co.*,
   185 F.3d 1341 (Fed. Cir. 1999) .............................................................................................. 4

*Headwater Rsch. LLC v. AT&T Inc.*,
   No. 2:23-cv-397-JRG-RSP, 2025 WL 3030762 (E.D. Tex. July 11, 2025) ............................... 2

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
   No. 2:22-CV-422-JRG-RSP, 2024 WL 6049060 (E.D. Tex. Feb. 20, 2024) ............................. 2

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996).................................................................................................................. 5

*Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*,
   No. 6:16-cv-00445-RWS, 2018 WL 4289342 (E.D. Tex. July 11, 2018)................................. 3

*O2 Micro Int'l Ltd. v. Beyond Innov. Tech. Co.*,
   521 F.3d 1351 (Fed. Cir. 2008) .............................................................................................. 5

*Salazar v. AT&T Mobility LLC*,
   No. 2:20-cv-00004-JRG, 2021 WL 11703427 (E.D. Tex. July 28, 2021) ................................ 2

█████████████████████████████████████

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| Ex. A | Plaintiff Robert Bosch LLC's LPR 3-3 and 3-4 Disclosures Cover Pleading ("Bosch's P.R. 3-3 Invalidity Contentions"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Apr. 25, 2023). |
| Ex. B | Opening Expert Report of Dr. Richard W. Klopp (the "Klopp Report"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Nov. 6, 2025). |
| Ex. C | Plaintiff's Proposed Terms and Claim Elements for Construction ("Bosch's P.R. 4-1 Disclosures"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Dec. 14, 2023). |
| Ex. D | Plaintiff's Patent Rule 4-2 Claim Construction Disclosures ("Bosch's P.R. 4-2 Disclosures"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Jan. 11, 2024). |
| Ex. E | Robert Bosch LLC's Eighth Supplemental Response to Defendant's First Set of Interrogatories (Nos. 1–14), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Oct. 6, 2025). |
| Ex. F | Transcript of Motion Hearing Proceedings Held on November, 5, 2025 Before the Honorable Roy S. Payne, *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Nov. 5, 2025); *see also* Dkt. No. 165. |
| Ex. G | Rebuttal Expert Report of Dr. Richard W. Klopp (the "Klopp Rebuttal Report"), *Robert Bosch, LLC v. Westport Fuel Systems Canada, Inc.*, No. 2:23-cv-00038-JRG-RSP (E.D. Tex. Dec. 4, 2025). |
| Ex. H | June 12, 2025 Email to Dr. Richard W. Klopp Regarding Amesim CRI3 Models |
| Ex. I | United States Patent No. 5,779,149 to Edward James Hayes, Jr. |
| Ex. J | Excerpts from Robert Bosch LLC PowerPoint entitled ████████████ ████████████████████████████████████ |
| Ex. K | United States Patent and Trademark Office Maintenance Fee Payments for United States Patent No. 5,779,149 to Edward James Hayes, Jr. |
| Ex. L[1] | Email from James Calderon, Paralegal for Bosch's outside counsel, to Westport's counsel, producing Production Volume Bosch_Klopp_Vol003 (Dec. 19, 2025). |
| Ex. M | Relevant excerpts of the December 12, 2025 Deposition of Michael Leshner |

---

[1] Exhibits A–K can be found at Dkt. 187. Exhibits L and M are filed herewith.

The Court should strike three categories of Dr. Klopp's opinions. *First*, Bosch failed to preserve, pursue, or prove the defenses that Dr. Klopp attempts to backstop. Bosch does not dispute its failure to timely disclose these theories, attempting instead to baselessly blame Westport for Bosch's lack of diligence. *Second*, Bosch failed to timely produce documents and information upon which Dr. Klopp affirmatively relies. Bosch does not dispute the timing of its last-minute and after-the-deadline productions. Instead, it again baselessly attempts to blame Westport for Bosch's lack of diligence. *Third*, many of Dr. Klopp's opinions are unreliable under Rule 702 and *Daubert*. Dr. Klopp never opined any alleged non-infringing alternative ("NIA") was available or acceptable, making his NIA opinions unreliable. He also improperly augments the Court's constructions and relies upon his own constructions for ***non-claim*** terms. That fatally-flawed approach is unreliable and inherently contemptuous of this Court's Claim Construction Order.

## I.     BOSCH DID NOT PRESERVE, PURSUE, OR PROVE ITS PRESENT INVALIDITY DEFENSES

### A.     Alleged Obviousness-Type Double Patenting ("ODP")

Bosch does not dispute the Court's rulings that "Bosch's ODP invalidity argument is untimely" and "is not a part of this case." (Dkt. 162 at 2–3.) Instead, Bosch rests entirely on its objection to this Court's Order. (Dkt. 212 (Bosch's Opposition, "Opp.") at 5.) The Court should overrule those objections for the reasons that Westport has explained (Dkt. 168), and strike Dr. Klopp's report as to ODP.

### B.     Alleged Indefiniteness

Bosch does not dispute that it declined to include any indefiniteness arguments in its *Markman* briefing, as this Court's patent rules and Docket Control Order (Dkt. 65 at 5) required. Instead, Bosch casts aspersions on Westport, arguing that Westport's reasoning is new, "circular," and somehow gives rise to Bosch's springing indefiniteness attack. (Opp. at 2–3.) ***Not so***.

1

*First*, as explained, Westport has not changed its infringement theories. (Dkt. 204.)

*Second*, no party sought claim construction of any part of the phrases "whereby said hydraulic fluid acts substantially as a solid with said thickness being substantially constant while said actuator assembly is [activated/actuated]." Thus, plain and ordinary meanings govern those phrases. *Headwater Rsch. LLC v. AT&T Inc.*, No. 2:23-cv-397-JRG-RSP, 2025 WL 3030762, at *3 (E.D. Tex. July 11, 2025); *Salazar v. AT&T Mobility LLC*, No. 2:20-cv-00004-JRG, 2021 WL 11703427, at *2 (E.D. Tex. July 28, 2021). Instead of using the plain and ordinary meaning, Bosch and Dr. Klopp (1) concocted their own quasi-constructions, "any change in thickness means the limitation is not met" or "if the injector behaved as 'you wanted'" (Opp. at 1, 2)[2], (2) baselessly claim Westport applied those quasi-constructions, and (3) argue Westport's purported position is "circular." (*Id.* at 1–3.) The Court should reject Bosch's straw man logic.

*Third*, in other briefing, Bosch (wrongly) contends Westport construed "while said actuator assembly is [activated/actuated]" to mean "while the valve lift is at its maximum extent." (Dkt. 183 at 1 n.2, 3, 5–8, 10, 13–14.) Here, Bosch (wrongly) claims Westport applied "any change in thickness" or behavior as "you wanted" constructions. (Opp. at 1, 2.) Because Westport has not, in fact, presented **any** of these theories, Bosch cannot keep its fictitious story straight.

*Finally*, Bosch's failure of diligence dooms its springing indefiniteness attack. Bosch did not include it in its pre-stay *Markman* briefing. Bosch did not raise it when this Court lifted the IPR stay. (*See* Dkt. 111 (lifting stay); Dkt. 113 (memorializing status conference).) Bosch also did not pursue it by dispositive motion or other explicit request for more claim construction.

---

[2] The testimony of Alan Welch—Bosch's cited source for the "you wanted" quote—is entitled little, if any, weight "without the context of the patent specification or the claims." *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:22-CV-422-JRG-RSP, 2024 WL 6049060, at *6 (E.D. Tex. Feb. 20, 2024).

2

### C.      Alleged "Fluid Passage" Written Description and Enablement Issues

Bosch undisputedly failed to include any "fluid passage" written description or enablement defenses in its invalidity contentions. The Court should exclude them. *E.g., Nanology Alpha LLC v. WITec Wissenschaftliche Instrumente und Technologie GmbH*, No. 6:16-cv-00445-RWS, 2018 WL 4289342, at *3 (E.D. Tex. July 11, 2018). Bosch suggests it may yet amend its contentions **as a matter of right** after the Court rules on its objections to the Claim Construction Order. (Opp. at 4.) **Not so fast**. The Court has already ruled that "neither party will be permitted to amend its contentions without leave of Court." (Dkt. 107.)

### D.      Alleged Non-Infringing Alternatives ("NIA")

Bosch defends its failure to disclose in its interrogatory response the alleged NIAs its expert identifies by asserting that "Westport has not cited any authority that an expert must identify specific products as NIAs . . . ." (Opp. at 5.) That retort might have purchase if Westport's motion was grounded only in FRE Rule 702. But it is not. Rather, Westport's motion to strike alleged, undisclosed NIAs is grounded in FRCP Rules 26 and 37. Bosch should not be allowed to **omit** its positions from its interrogatory responses, only to **unleash** them in its expert's report.

## II.     BOSCH DID NOT TIMELY PRODUCE HIGHLY-RELEVANT DOCUMENTS

Bosch claims that complying with this Court's rules as to **some** documents excuses its untimely disclosure of the Amesim models. **Not so.** Bosch continues to piecemeal disclose portions of its models and underlying data well after the close of fact discovery—including its most recent production of Amesim assemblies and raw data on **December 19, 2025**. (Ex. L at 1.) Inspecting Bosch's ████████ Amesim model in September would not remedy Westport's prejudice—Bosch's late production shows any inspection would have lacked the information and raw data Bosch has continued to belatedly produce. Bosch's citation to Mr. Leshner's testimony **further** demonstrates Westport's prejudice. Mr. Leshner **actually** testified ████████████████████████

3

████████████████████████████████████

████████████████████████████ (Ex. M at 79:21–22)—unsurprising, as Bosch withheld the underlying raw data. Bosch's excuses do not save its untimely reliance on the Amesim models.

## III.    THE COURT SHOULD STRIKE DR. KLOPP'S UNRELIABLE OPINIONS

### A.    Dr. Klopp's Unacceptable or Unavailable Alleged NIAs

Dr. Klopp never asserted that his vaguely-defined alleged NIAs were "acceptable" or "available." Bosch does not contend otherwise. Instead, Bosch asserts that "Hayes was 'available' during the accounting period of Westport's counterclaims." (Opp. at 9.) Bosch wrongly conflates the use of alleged NIAs as (1) a hedge against lost profits damages, and (2) something to reduce the royalty resulting from the hypothetical negotiation. This is *not* a lost profits case.

In *Grain Processing Corp. v. American Maize-Products Co.*, the Federal Circuit indicated that "the accounting period" is a critical time for patent damages in a lost profits case. 185 F.3d 1341, 1353 (Fed. Cir. 1999). That is because NIAs available during "the accounting period" can cut off the causal connection between infringing sales and lost profits damages. But in a reasonable royalty case, NIA availability is considered at the hypothetical negotiation because the NIA might impact the reasonable royalty. *E.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09290, 2012 WL 3686736, at *1, *4 (W.D. Pa. Aug. 24, 2012) (noting the different analysis of NIAs in lost profits versus reasonable royalties). In this *reasonable royalty* case, Bosch does not dispute the date of the hypothetical negotiation here or that the Hayes patent was not "available" to it at that time. The Court should preclude Bosch from relying on Hayes as an NIA here.[3]

### B.    Dr. Klopp's Additional Limitations to Construed Terms

Incredibly, Bosch asserts it is insufficient to meet the "valve needle" or "valve member"

---

[3] Even if considering Hayes were permissible after July 2, 2016, no Bosch expert has offered any such time-based opinions about Hayes's availability. Nor has Bosch's damages expert offered any opinions about the "apportioned" applicability of Hayes during "the accounting period."

claim limitations by demonstrating alignment with the Court's claim constructions of those terms. (Opp. at 10.) Bosch explicitly argued this farcical position:

> However, whether a component of the accused product meets the Court's construction of valve needle or valve member is insufficient to determine whether the component meets the "valve needle" or "valve member" of the asserted claims.

(*Id.*) That is compelling evidence that Bosch and its expert seek to ***add*** limitations to this Court's constructions of "valve needle" and "valve member." Dr. Klopp's opinions are unfaithful to the Court's constructions and therefore unreliable. These augmentation problems carry through to Dr. Klopp's analysis of "lift," another term the Court construed. (*Id.* at 11–12.)

## C.    Dr. Klopp's Claim Constructions of Terms Foreign to the Claims

Bosch also incredibly asserts in heading II.F that "Dr. Klopp Properly Opines on the Plain and Ordinary Meaning of Unconstrued ***Claim Terms***." (*Id.* at 12 (emphasis added).) The next subheadings are: (1) "During Actuation" (2) "Amplification" and (3) "Indirect Actuation" (*id.* at 13–14). But ***none of those phrases appear in any asserted claim***! Indeed, Bosch concedes that "'[d]uring actuation' is not a claim term," and that amplification "is not a claim term . . . ." (*Id.* at 13, 14.) As to "indirect actuation," Bosch concedes it is adding limitations onto "the plain and ordinary meaning of unconstrued claim terms in view of the specification." (*Id.* at 15.)

Thus, not only is Dr. Klopp augmenting the Court's constructions of actual claim terms, he is also reading in constructions of terms not found in any claim whatsoever. All in the name of understanding the "claim terms in view of the specification." Bosch and Dr. Klopp transparently import limitations into the claims from the specification, violating virtually every canon of claim construction in the books. Bosch effectively seeks to litigate claim construction before the jury, *contra O2 Micro Int'l Ltd. v. Beyond Innov. Tech. Co.*, 521 F.3d 1351, 1360–62 (Fed. Cir. 2008), when claim construction is ***exclusively*** reserved for the Court. *E.g.*, *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).

5

█████████████████████████████

Dated: December 30, 2025

Respectfully submitted,

/s/ Michael D. Karson

Miranda Y. Jones
  *Lead Counsel*
  State Bar No. 24065519
Jamie H. McDole
  State Bar No. 24082049
Phillip B. Philbin
  State Bar No. 15909020
Michael D. Karson
  State Bar No. 24090198
David W. Higer
  State Bar No. 24127850
Matthew L. Vitale
  State Bar No. 24137699
Cody M. Carter
  State Bar No. 24131091
Eugene M. Massad, III
  State Bar No. 24126247
**WINSTEAD PC**
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: mjones@winstead.com
        jmcdole@winstead.com
        pphilbin@winstead.com
        mkarson@winstead.com
        dhiger@winstead.com
        mvitale@winstead.com
        ccarter@winstead.com
        emassad@winstead.com


Claire A. Henry
Texas Bar No. 24053063
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel.: (903) 757-6400
Fax: (903) 757-2323
Email  claire@millerfairhenry.com

*Attorneys for Defendant and Counterclaim-Plaintiff Westport Fuel Systems Canada Inc.*

6

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 30, 2025, I electronically submitted the foregoing SEALED document with the clerk of the United States District Court for the Eastern District of Texas, using the electronic case management CM/ECF system of the Court and served on all counsel of record through electronic mail.

/s/ Michael D. Karson
Michael D. Karson

7