**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ROBERT BOSCH LLC,<br>*Plaintiff*,<br>v.<br>WESTPORT FUEL SYSTEMS CANADA, INC.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:23-CV-00038-JRG-RSP |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial (the "Motion") filed by Westport Fuel Systems Canada, Inc. ("Westport"). (Dkt. No. 386.) In the Motion, Westport seeks a judgment as a matter of law from this Court that Robert Bosch LLC ("Bosch") has infringed the asserted claims, and/or a new trial on infringement and damages. (*Id*.) Having considered the Motion and all related briefing, as well as the whole of the trial record before it, the Court finds that the Motion should be and hereby is **DENIED**.

## I. BACKGROUND

Bosch filed the above-captioned Declaratory Judgment action in the Eastern District of Virginia against Westport on April 4, 2022. (Dkt. No. 1.) The case was transferred to the Eastern District of Texas and assigned the above-captioned case number on January 31, 2023. (Dkt. No. 39.) The case proceeded to trial on March 16, 2026. (Dkt. No. 359.) At trial, Westport alleged that Bosch has infringed claims 1, 6, and 18 of U.S. Patent No. 6,298,829 (the "'829 Patent"), and claims 1, 13, and 26 of U.S. Patent No. 6,575,138 (the "'138 Patent"). (Dkt. No. 367.) The jury returned its verdict, finding that Bosch had not infringed any of the asserted claims, on March 23,

2026. (*Id*. at 4.) The Court entered its Judgment that Bosch had not infringed any of the Asserted Claims on March 25, 2026. (Dkt. No. 380.) Westport filed the instant Motion on April 21, 2026. (Dkt. No. 386.)

## II. LEGAL AUTHORITY AND ANALYSIS

Judgment as a matter of law against a prevailing party is appropriate where "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [prevailing] party on that issue." Fed. R. Civ. P. 50(a). In particular, on a renewed motion for judgment as a matter of law under Rule 50(b), the moving party must show that "the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 614 (5th Cir. 2018) (*quoting Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 395 (5th Cir. 2013)). "When evaluating whether there is substantial evidence to support the verdict, the Court must consider all of the evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury." *Kim v. Am. Honda Motor Co., Inc.*, 86 F.4th 150, 159 (5th Cir. 2023) (internal quotation omitted).

After a jury trial, "[t]he court may, on motion, grant a new trial on all or some of the issues… for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59 (a)(1). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, … the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985) (internal citations omitted).

Taking these high legal standards into account, the Court does not find that Westport has met its burden to establish that it is entitled to judgment as a matter of law of infringement or a new trial, on this record. Westport argues it is entitled to judgment as a matter of law on the issue of infringement because "no substantial evidence supports the jury's non-infringement verdict as Bosch's primary non-infringement arguments are predicated on limitations that are not present in the asserted claims." (Dkt. No. 386 at 13.) Westport further argues it is entitled to a new trial because "Bosch repeatedly injected legally irrelevant delay themes into the case,… invited the jury to infer the contents of privileged infringement analyses,… [and these] insinuations created substantial unfair prejudice. (*Id*. at 23-27.) Westport finally asserts that the general verdict of non-infringement cannot stand where "there is no way to know that the jury did not rely on [an] improper non-infringement theory" from Bosch. (*Id*. at 28.)

The Court does not find any of these arguments persuasive. First, regarding Westport's motion for judgment as a matter of law, the Court finds that substantial evidence supports the jury's finding of noninfringement. Bosch provided fact and expert testimony that the accused CRI3 injectors lack the claimed "passive hydraulic link," that neither accused CRI3 valve can meet all claim limitations, and that the CRI3 does not have a hydraulic fluid that both acts substantially as a solid and also has a substantially constant thickness while the actuator assembly is actuated. (*See generally* Dkt. No. 390 at 3-14.) The Court further does not believe that Bosch's arguments for noninfringement were legally erroneous or in violation of its claim construction order, as Westport asserts. Providing the jury's verdict with the substantial deference to which it is entitled, the Court finds that Westport's request for judgement as a matter of law of infringement should be **DENIED**.

Second, regarding Westport's motion for a new trial, the Court does not find that a new trial is warranted in this case. The Court finds, as just discussed, that the jury's verdict was not

against the great weight of the evidence in this case. The Court is further persuaded that the jury's verdict does not reflect juror confusion, as it finds that Bosch's noninfringement arguments were proper. The Court is unconvinced that any of the other issues Westport has raised with Bosch's trial testimony come close to prejudicial error. Accordingly, the Motion is also **DENIED** with respect to the request for a new trial.

## III. CONCLUSION

For the reasons stated herein, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 27th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE